Ivan Estuardo **LOPEZ–SAMAYOA**, Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–73200.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 25, 2010.

---

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard C. Mendez, Esquire, Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Andrew B. Insenga, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Ivan Estuardo Lopez–Samayoa, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Lim v. INS,* 224 F.3d 929, 933 (9th Cir.2000), and we review de novo due process claims, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

Substantial evidence supports the agency's denial of Lopez–Samayoa's asylum claim because, even if credible, the threats against Lopez–Samayoa did not rise to the level of persecution, *see Lim,* 224 F.3d at 936, his uncle's death was unconnected to Lopez–Samayoa, *see Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991) (requiring that any pattern of persecution against friends or family members be "closely tied to the petitioner"), and Lopez–Samayoa failed to establish he was or

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

would be persecuted by the Guatemalan government or by persons the government was unwilling or unable to control, *see Castro–Perez v. Gonzales,* 409 F.3d 1069, 1071–72 (9th Cir.2005).

Because Lopez–Samayoa failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

█ Substantial evidence also supports the agency's denial of CAT relief because Lopez–Samayoa did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Guatemalan government. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1019 (9th Cir. 2004).

█ Finally, Lopez–Samayoa's due process challenge to the BIA's summary affirmance fails because the BIA adopted and affirmed the IJ's decision in its entirety, citing *Matter of Burbano,* 20 I. & N. Dec. 872 (BIA 1994). *See Abebe v. Gonzales,* 432 F.3d 1037, 1040 (9th Cir.2005) (en banc) (stating that a *Burbano* affirmance signifies that the BIA has conducted an independent review of the record and has determined that its conclusions are the same as those articulated by the IJ).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.